UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN MORGAN THURMAN, § § *Plaintiff*, § § v. § § CITY OF PLEASANTON POLICE § DEPARTMENT AND ANASTACIO § PEREZ, § § *Defendants*. § § | Civil Action No. SA-17-CV-1265-XR |

## ORDER

On this date, the Court considered the status of the above-captioned case. After careful consideration, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss. Docket no. 7.

## BACKGROUND

Plaintiff filed this action with this Court on December 14, 2017, naming City of Pleasanton Police Department and Officer Anastacio Perez as Defendants. Docket no. 1. Plaintiff brings claims for excessive use of force, assault, false imprisonment, and intentional infliction of emotional distress. *Id.* at 2–3. Plaintiff asserts violations of the Fourth, Fifth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and states this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a). *Id.* at 1–2.

Plaintiff alleges that on December 25, 2015, City of Pleasanton Police Department Officer Anastacio Perez "assaulted the Plaintiff and used excessive force against the Plaintiff while the Plaintiff was handcuffed." *Id.* at 2. Plaintiff alleges he suffered severe injuries that

1

required him to be airlifted from Pleasanton, Texas, to the University Health System in San Antonio, Texas. *Id.* Plaintiff alleges the physical force used against him was excessive and unnecessary because he was cooperative and responded to Officer Perez's commands. *Id.* at 3. Plaintiff further alleges that Perez willfully detained him, that Plaintiff did not consent to the detention, and the detention was without legal authority or justification. *Id.* Plaintiff also alleges that Perez's conduct was extreme and outrageous and proximately caused Plaintiff to suffer severe emotional distress. *Id.*

On February 11, 2018, Defendants filed a motion to dismiss for failure to state a claim. Docket no. 7. Plaintiff filed a response on February 23, 2018. Docket no. 9.

## DISCUSSION

**I. Legal Standard**

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Plaintiff's Claims Against City of Pleasanton Police Department

Defendants argue that because the Pleasanton Police Department is a department of the City of Pleasanton, and has no corporate status or legal existence under the laws of the State of Texas, Plaintiff's claims against it should be dismissed.

Plaintiff brings a claim of excessive use of force against the Pleasanton Police Department. The "[c]apacity to sue or be sued" is governed by "the law of the state where the court is located." FED. R. CIV. P. 17(b)(3). Thus, Texas law governs on this question. To sue a city department in Texas, "[the department] must enjoy a separate legal existence," meaning that it must be "a separate and distinct corporate entity." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (internal citations omitted). Thus, unless the "true political entity" has explicitly "[granted] the servient agency with jural authority," it may not sue nor be sued. *Darby*, 939 F.2d at 313.

Plaintiff does not allege that the City of Pleasanton has granted the Pleasanton Police Department with jural authority as a separate entity. Because there is no indication that the Pleasanton Police Department enjoys a separate legal existence, it is not a proper party, and Plaintiff fails to state a valid claim against it.

## III. Plaintiff's Claims Against Officer Anastacio Perez

Defendants argue that Plaintiff's state law claims against Perez should be dismissed under the Texas Torts Claims Act and Plaintiff's Fifth and Fourteenth Amendment claims should be dismissed.

Plaintiff brings state law claims for assault, false imprisonment, and intentional infliction of emotional distress against Perez.[1] Under the Texas Torts Claims Act, "[i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only." TEX. CIV. PRAC. & REM. CODE § 101.106(f). Further, "[o]n the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." *Id.*

Officer Perez is an employee of the Pleasanton Police Department, which is a department of the City of Pleasanton. Plaintiff brings claims against Perez based on his conduct as an officer when he allegedly arrested Plaintiff, and these claims could have been brought against the proper governmental unit. *See Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011) (finding tort claims brought against a government employee in his official capacity can be dismissed and be brought against the government instead, even if questions of immunity need to be determined at a later point). Accordingly, Plaintiff's state law claims against Perez in his official capacity must be dismissed with leave for Plaintiff to amend and properly allege such claims.

Plaintiff brings a federal claim for excessive use of force and asserts violations of the Fourth, Fifth, and Fourteenth Amendments. First, Plaintiff cannot state a valid claim under the Fifth Amendment because "the due process component of the Fifth Amendment applies only to

---

[1] In response to Defendants moving to dismiss any state law claims, Plaintiff states that "none have been asserted." Docket no. 9 at 2. In his complaint, however, Plaintiff affirmatively states this Court has supplemental jurisdiction "over state law claims discussed below." Docket no. 1 at 2. Further, claims for the torts of assault, false imprisonment, and intentional infliction of emotional distress are properly analyzed under state law.

federal actors." *Blackburn v. City of Marshall*, 42 F.3d 925, 930 n.3 (5th Cir. 1995). Plaintiff does not allege that Pleasanton Police Officer Perez is a federal actor and does not state a valid Fifth Amendment claim against him. Further, Plaintiff cannot state a valid claim under the Fourteenth Amendment because if a constitutional claim is covered by a specific constitutional provision, the claim should be analyzed under the standard appropriate to that specific provision, not under substantive due process. *Petta v. Rivera*, 143 F.3d 895, 900–01 (5th Cir. 1998) (citing *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). As Defendants argue, claims of excessive force are properly analyzed under the Fourth Amendment's "objective reasonableness standard." *Graham v. Connor*, 490 U.S. 386, 395 (U.S. 1989) ("[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach."). Accordingly, Plaintiff cannot state a valid excessive force claim under the Fourteenth Amendment.

Plaintiff does allege a violation of his Fourth Amendment rights in his complaint. Docket no. 1 at 1. Defendants do not move to dismiss Plaintiff's excessive force claim under the Fourth Amendment. Thus, Plaintiff's Fourth Amendment excessive force claim against Officer Perez in his official capacity survives at this time.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Docket no. 7) is hereby GRANTED IN PART and DENIED IN PART. Plaintiff's claims against City of Pleasanton Police Department are DISMISSED WITHOUT PREJUDICE. Plaintiff's state law claims against Officer Perez are DISMISSED WITHOUT PREJUDICE WITH LEAVE TO AMEND

until **March 23, 2018**. Plaintiff's Fifth and Fourteenth Amendment claims are DISMISSED WITHOUT PREJUDICE, but his § 1983 claim (Fourth Amendment excessive force) survives at this time.

It is so ORDERED.

SIGNED this 9th day of March, 2018.

                                                XAVIER RODRIGUEZ
                                                UNITED STATES DISTRICT JUDGE